Samuel J. Fortier, Esq.
FORTIER & MIKKO, P.C.
101 West Benson, Suite 304
Anchorage, Alaska 99503
Ph: (907) 277-4222
Fax: (907) 277-4221
Email: sfortier@fortmikk.alaska.com
Attorneys for Plaintiff MARK A ROSENBAUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL MUKASEY in his capacity as Attorney General of the United States and the United States Department of Justice; TIMOTHY A. BURGESS, United States Attorney, D. Alaska; First Assistant U.S. Attorney, DEBORAH M. SMITH; D. Alaska; Assistant United States Attorney, STEVEN E. SKROCKI, Federal Protection Service Officer TIMOTHY BLEICHER; and Federal Protection Service Officer TRAVIS JUST, as employees of the Department of Homeland Security, Federal Protective Services,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No.: 3:07-cv-_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

COMES NOW, Mark A. Rosenbaum, by and through counsel, and for his complaint, states and alleges as follows:

1. Mark A. Rosenbaum (hereinafter "Plaintiff") is a resident of the Municipality of Anchorage, State of Alaska, located in the District of Alaska.

2. Michael Mukasey is the Attorney General for the United States Department of Justice, an executive agency of the United States of America.

3. During times material hereto, Timothy A. Burgess was the United States Attorney for the District of Alaska, an agency within the Department of Justice.

4. During times material hereto, Assistant Deborah M. Smith was First Assistant U.S. Attorney within the Office of the United States Attorney, District of Alaska.

5. During times material hereto, Steven E. Skrocki was an Assistant United States Attorney within the Office of the United States Attorney, District of Alaska.

6. During times material hereto, Timothy Bleicher was employed as a Federal Protective Services Officer by the Federal Protection Services, within the Department of Homeland Security, an agency of the United States of America.

7. During times material hereto, Travis Just was a Federal Protection Service Officer employed by the Federal Protection Services, an agency of the Department of Homeland Security, an agency of the United States of America.

8. Upon information and belief, the individual defendants named in paragraph nos. 2, 3, 4, 5, 6 and 7 are residents of the Municipality of Anchorage, District of Alaska.

COMPLAINT
Rosenbaum v. Mukasey, et al., Case No. 3:07-cv-_____
Page 2

## Jurisdiction and Venue

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 in that this matter arises under the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.*, Plaintiff has previously sought administrative adjustment of his claims pursuant to 28 U.S.C. Section 2672, as against the Department of Justice and the United States Attorney's Office, and neither agency thereof has acted upon his claims within six months of filing said claims. Further, following the District Court, D. Western Washington's dismissal of the timely filed action under 28 U.S.C. Section 2679 for failure to present a claim pursuant to 28 U.S.C. Section 2675(a) as against the Federal Protective Services, and the law enforcement officers named in paragraphs 5 and 6 herein, and within 60 days thereof, Plaintiff timely presented his claims pursuant to 28 U.S.C. Section 2679(d)(5).

10. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b).

## Facts Common to All Counts

11. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 1-10 as though fully set forth herein.

12. Plaintiff was employed as an Assistant U.S. Attorney with defendant Department of Justice, by and through defendant Office of the United States Attorney, commencing on April 23, 1984, and served with distinction through and after May 12, 2004.

13. During much of his tenure, Plaintiff served as the Assistant United States Attorney handling complex, multi-defendant drug prosecution cases. In that capacity, Plaintiff received numerous commendations from federal, state and local law enforcement agencies for his meritorious work, as well as outstanding evaluations.

14. Plaintiff was, during the times material to this action, a devoted, hard working and accomplished federal prosecutor, which, to his detriment, resulted in receiving threats reasonably construed as life threatening from unknown persons, which were timely reported to his supervisors.

15. Commencing on or about April 30, 2004, Steven Skrocki, acting upon orders from defendants Timothy Burgess and Deborah Smith, and also, upon his own whim, commenced planning a method to ostracize Plaintiff by removing him from the Office of the United States Attorney, D. Alaska, barring him from entering the federal building, confining him to a home office, and banishing and thereby isolating Plaintiff from his offices as an Assistant U.S. Attorney, D. Alaska.

16. Pursuant to the plan thereto, Skrocki developed a memorandum that was shared with defendants Burgess and Smith, in which defendant Skrocki recommended requiring Plaintiff to surrender his credentials as an Assistant U.S. Attorney, disable his ability to enter the federal building as an Assistant U.S. Attorney, prohibit Plaintiff from using the facilities of the Office of the U.S. Attorney, D. Alaska, and further, to notify the Federal Protective Service to prohibit Mr. Rosenbaum from entering the federal building in Anchorage without first passing through a magnetometer, and being subject to search

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

of his person.

17. Although Skrocki was neither a supervisor of Plaintiff nor a personnel officer, Skrocki was advised by defendants Burgess and Smith that those persons were planning to take a personnel action or actions against Mr. Rosenbaum, the details of which were discussed between Skrocki, Burgess and Smith, in violation of 5 U.S.C. Section 2302(b).

18. Skrocki, acting upon the instructions of defendants Burgess and Smith, uniformed officers of the Federal Protection Services of the impending action against Plaintiff several days prior to May 12, 2004, and requested the participation of federal law enforcement officers in order to implement a plan to ambush Mr. Rosenbaum, all upon the authority of defendants Burgess, Smith and the defendant Attorney General of the United States.

19. Shortly after 5:00 p.m. on May 12, 2004, Plaintiff was summoned to the conference room of the United States Attorney's Office, D. Alaska. In the room were defendants Burgess, Smith and Skrocki, as well as Federal Protection Services Officers Bleicher and Just, both of whom were armed.

20. Defendant Burgess instructed Plaintiff to sit at the conference table. Thereafter, defendant Smith informed Plaintiff that he was being confined to his home, which he was to use as his office, but he could not leave his home between 8:00 a.m. and 5:00 p.m., except for lunch and that he was to report to and request permission to leave at any other time during work days. Further, defendant Smith informed the Plaintiff that he

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222   FAX LINE (907) 277-4221

was banished from the Office of the United States Attorney, D. Alaska, as well as from the federal building, except upon express permission to enter.

21. Defendants Burgess and/or Smith denied that the banishment order, as described in the paragraph immediately above, was disciplinary, but threatened that such action would follow and promised to review the banishment within two weeks. In fact, the defendants herein did not review the banishment within two weeks, or at any other time material to this action.

22. Defendant Burgess then ordered Plaintiff, on May 12, 2004, and after 5:00 p.m., to turn over his Department of Justice credentials, his office and building access cards, as well as his parking pass, to take one box to gather all of the personal effects stored in his office over the past 20 years from his office, and upon leaving the Anchorage Federal Building, not to reenter without an escort and permission.

23. Thereupon, Plaintiff was ordered by defendant Burgess to accompany Skrocki, Bleicher and Just. Plaintiff, knowing that defendants Bleicher and Just were armed, and fearing violence, allowed the defendants to escort him to his office, and these defendants gave him a few minutes to gather his belongings. The defendants all the time were keeping Mr. Rosenbaum in their custody and control. Thereafter, and with an implied show of force, consisting of being armed, the Federal Protective Services Officers, together with Skrocki, escorted Plaintiff to the elevator at the federal building, and continued to hold him under their custody and control, directing him into the elevator, traveling with him to the garage, and to his vehicle, where they thereupon

ordered Plaintiff into his vehicle and instructed him to immediately leave the federal building.

24. During all times on or about 5:00 p.m. on May 12, 2004, and until he was out of the federal parking garage, Plaintiff was under the continuing control and dominion of Federal Protective Service Officers Bleicher and Just.

25. Plaintiff was never again permitted to return to the Office of the United States Attorney, except under escort, and as a result thereof, and an express direction by defendant Burgess that Plaintiff would be terminated from his employment, Plaintiff took an early an retirement in September 2004.

26. Since May 12, 2004, and continuing to this day, Plaintiff suffered, and is continuing to suffer, severe mental pain and suffering on account of and as a direct and proximate result of the conduct of the defendants herein.

### First Cause of Action (False Imprisonment)

27. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

28. Defendants Bleicher and Just were acting in the course and scope of their duties as federal law enforcement officers during the times material to this action.

29. Bleicher and Just, by their acts, intended to and did confine Plaintiff within boundaries fixed by those defendants on May 12, 2004.

30. The acts and conduct of Bleicher and Just and each of them directly and/or indirectly resulted in the confinement of the Plaintiff.

31. Plaintiff was conscious of the confinement and/or suffered harm on account of such confinement, including economic loss, emotional damage, mental pain and suffering, and, as a result, incurred damages, including but not limited to pain and suffering, emotional distress, and past and future medical expenses.

32. The acts and conduct of the defendants and each of them were unlawful, intentional and/or reckless, and/or malicious, and not privileged.

33. Plaintiff suffered and continues to suffer emotional distress as a direct and proximate result of the unlawful acts and conduct of the defendants and each of them.

## Second Cause of Action (Intentional Infliction of Emotional Distress)

34. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. Defendants Burgess, Smith, Skrocki, the Office of the United States Attorney, and Department of Justice conspired, without justification or excuse to and, in fact, did ostracize Plaintiff.

36. The acts complained of herein were extreme and outrageous conduct that intentionally and/or recklessly inflicted severe emotional distress on the Plaintiff.

37. The acts and conduct and words of defendants in ostracizing and banishing Plaintiff from his work place and/or and ordering his arrest by the Federal Protective Services and/or in confining him to his home constitute extreme and outrageous conduct intentionally and/or recklessly inflicted severe emotional distress on the Plaintiff.

38. Plaintiff, in fact, suffered, and continues to suffer economic loss, severe emotional pain and suffering, and post-traumatic stress disorder on account of defendants' intentional and/or reckless conduct which was performed in the scope and course of their duties as employees of the United States.

39. Defendants are liable to Plaintiff for intentionally inflicting emotional harm on Plaintiff in an amount as will be established upon the evidence at trial herein.

### Third Cause of Action (Negligent Infliction of Emotional Distress)

40. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 39 as though fully set forth herein.

41. The federal defendants, by virtue of their offices, owed a duty of care to Plaintiff as an Assistant U.S. Attorney under the control and supervision of Burgess and Smith and as a co-worker of Skrocki within the U.S. Attorney's Office, which duty included but was not limited to, a duty to avoid interfering with Plaintiff's lawful exercise of his rights of association and in his duties as an Assistant U.S. Attorney.

42. The federal defendants breached the preexisting duty owed Plaintiff when they conspired to and did in fact ostracize and banish Mr. Rosenbaum from the Office of the United States Attorney.

43. As a direct and foreseeable result of the conduct, acts and/or words leading to and resulting in Plaintiff's banishment, Plaintiff suffered and continues to suffer post-traumatic stress disorder, emotional pain and suffering, and has incurred and will continue to incur medical expenses and economic losses, all of which are a direct and

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

foreseeable result of defendants' actions, conduct and words leading up to and resulting in the events of May 12, 2004, from at around 5:00 p.m., as elsewhere alleged above.

44. Defendants are liable to Plaintiff for negligently inflicting emotional damage in an amount to be established upon the evidence at trial herein.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a money judgment against the defendants and each of them in an amount to be established upon the evidence at trial herein;

2. For Plaintiff's costs, interests and attorney's fees;

3. For such other and further relief as the court deems just and equitable in the premises.

Respectfully submitted this 1st day of February, 2008 at Anchorage, Alaska.

> FORTIER & MIKKO, P.C.
> Attorneys for Plaintiff
>
> By: /s/Samuel J. Fortier
> Samuel J. Fortier, Esq.
> FORTIER & MIKKO, P.C.
> 101 West Benson, Suite 304
> Anchorage, Alaska 99503
> Ph: (907) 277-4222
> Fax: (907) 277-4221
> Email: sfortier@fortmikk.alaska.com
> Alaska Bar No. 8211115